```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------------x
                                    :
ANDREW CHIEN,                       :
                                    :
            Plaintiff,              :
                                    :   Civil No. 3:12CV1378(AWT)
v.                                  :
                                    :
COMMONWEALTH BIOTECHNOLOGIES, INC., :
RICHARD FREER AND LECLAIRRYAN,      :
A PROFESSIONAL CORPORATION,         :
                                    :
            Defendants.             :
                                    :
------------------------------------x
```

### RULING ON MOTIONS TO REMAND

The pro se plaintiff, Andrew Chien ("Chien"), brought this action in Connecticut Superior Court against defendants Commonwealth Biotechnologies, Inc. ("CBI")[1], Dr. Richard J. Freer ("Dr. Freer") and LeClairRyan, a Professional Corporation ("LeClairRyan"). The defendants removed this case to federal court, and the plaintiff has filed two motions to remand the case to Connecticut Superior Court. For the reasons set forth below, the motions to remand are being denied.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a case tried in Chesterfield County Circuit Court in the Commonwealth of Virginia, where Chien was

---

[1] The court has entered an order dismissing the case as to CBI only without prejudice. See Doc. No. 11.

1

found liable to Dr. Freer for $1.6 million in damages caused by Chien's tortious conduct, which included acts of defamation and conspiracy.  Final judgment was entered against Chien and the other defendant in the Virginia action on August 9, 2012.

### A. The Instant Action

On September 12, 2012, Chien filed a complaint in Connecticut Superior Court in New Haven asserting seven claims: 1) malicious prosecution against Dr. Freer and LeClairRyan, 2) abuse of process against Dr. Freer and LeClairRyan, 3) "bad faith and submitted falsified or perjury information" against Dr. Freer and LeClairRyan, 4) unjust enrichment against Dr. Freer, 5) "securities fraud and fiduciary duty violation" against CBI, 6) "fiduciary duty violation" against CBI, and 7) "manipulation operation" against Dr. Freer.  On October 5, 2012, the defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b) based on diversity jurisdiction.  Chien is a resident of Connecticut; Dr. Freer is a resident of Virginia; and LeClairRyan is organized and incorporated under Virginia law and has its headquarters in Richmond, Virginia.

The plaintiff filed a "Motion to Remand this Case to State Court due to Defendant Freer's Violation of 28 U.S.C. § 1446(b)(2)(A)" ("First Motion to Remand") on October 31, 2012, and a "Motion to Remand this Case to State Court due to the Lack

2

of Subject-Matter Over this Case and to Require Sanction over Defendant LeClairRyan due to 28 U.S.C. § 1447(c)" ("Second Motion to Remand") on November 2, 2012.

### B. Connecticut Judgment Domestication Proceeding

On September 26, 2012, Dr. Freer filed a Certification Concerning Foreign Judgment (the "Certification") in Connecticut Superior Court in New Haven.  The Certification requested that the judgment obtained by Dr. Freer in the Commonwealth of Virginia against Chien be treated in the same manner as a Connecticut judgment (the "Connecticut Judgment Domestication Proceeding").

On October 10, 2012, Chien filed a pleading in the Connecticut Judgment Domestication Proceeding styled as "Response/Complaint" and attempted to assert counterclaims and third party claims against the defendants.

Dr. Freer successfully domesticated his Virginia judgment in Connecticut.

## II. DISCUSSION

Chien contends, <u>inter alia</u>, that complete diversity does not exist and that the removal of this case by Dr. Freer and LeClairRyan, counsel for Dr. Freer, was in violation of 28 U.S.C. § 1446(b)(2)(A) and was fraudulent.  Defendants Freer and LeClairRyan argue that removal was proper pursuant to 28 U.S.C.

3

§ 1441(b) because the requirements of federal diversity jurisdiction have been met.  The court agrees.

"The federal removal statute allows a defendant to remove an action to the United States District Court in any civil action brought in a State court of which the district courts of the United States have original jurisdiction....The district courts...have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between...[inter alia] citizens of different States."  Bounds v. Pine Belt Mental Health Care Resources, 593 F.3d 209, 215 (2d Cir. 2010) (internal quotation marks omitted; citations omitted).  "To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met....Complete diversity of citizenship of the parties is required, since an action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought....In other words: When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal."  Id. (internal quotation marks omitted; citations omitted).

4

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). An individual's domicile is the place where he has "his true fixed home and principal establishment, and to which, whenever he is absent, has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed. 1984)). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" or its main headquarters and "not simply an office where the corporation holds its board meetings." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

The party opposing a motion to remand bears the burden of showing that the requirements for removal have been met. See California Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86,

100 (2d Cir. 2004) (citing Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994)); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (3d ed. 1998) (collecting cases). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 274 (2d Cir.1994) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); 1A J. Moore and B. Ringle, Moore's Federal Practice ¶ 0.157, at 38 (2d ed. 1989)).

Removal is appropriate in this action under 28 U.S.C. § 1441(b) because the complete diversity of citizenship and the amount in controversy requirements are satisfied.  Complete diversity exists in this case because Chien is a citizen of Connecticut and the defendants are citizens of Virginia.  Moreover, the amount in controversy is $2,003,100, which exceeds the $75,000 required in federal diversity cases.

As to the First Motion to Remand, Chien argues that Dr. Freer violated 28 U.S.C. § 1446(b)(2)(A) because he had filed the Connecticut Judgment Domestication Proceeding on September 26, 2012 with respect to the Virginia judgment and removing this

6

case was contrary to the doctrines of res judicata and/or collateral estoppel in that Dr. Freer had an identical dispute with Chien being litigated in Connecticut Superior Court. However, the doctrines of res judicata and collateral estoppel have no applicability here.  The instant action brought by the plaintiff involves the seven claims described above.  On the other hand, the Connecticut Judgment Domestication Proceeding filed by Dr. Freer is a statutory, post-judgment procedure that allows a creditor like Dr. Freer to expedite the recognition and domestication of a foreign judgment in Connecticut pursuant to the Uniform Enforcement of Foreign Judgments Act, Conn. Gen. Stat. § 52-604 et seq.

   As to the Second Motion to Remand, Chien argues that this court should remand the case to the Connecticut Superior Court because this court lacks subject matter jurisdiction and because LeClairRyan, counsel for Dr. Freer, violated 28 U.S.C. § 1446(b)(2)(A) by removing the case.  First, Chien argues that complete diversity does not exist because all of the parties are citizens of Connecticut.  In particular, he argues that LeClairRyan is a citizen of Connecticut based on the fact that it has offices in New Haven and Hartford and is licensed and doing business in Connecticut.  However, the court concludes that LeClairRyan is a citizen of Virginia because its place of

incorporation is Virginia; its headquarters is located in Richmond, Virginia; its principal place of business is Richmond, Virginia; and its executive officers direct, control and coordinate its activities in Richmond, Virginia.  See Hertz Corp., 130 S.Ct. at 1192.

Second, he reasserts his argument that LeClairRyan violated 28 U.S.C. § 1446(b)(2)(A) because Dr. Freer had an identical dispute with Chien being litigated in Connecticut Superior Court.  As discussed above, this argument is without merit.

The plaintiff includes a request for sanctions in the Second Motion to Remand.  That request is being denied as lacking merit, as reflected in the discussion above, because the defendants did not act improperly in removing this case to federal court.

Therefore, the motions to remand are being denied.

**III. CONCLUSION**

For the reasons set forth above, the plaintiff's Motions to Remand (Doc. Nos. 15 and 17) are hereby DENIED.

It is so ordered.

Signed this 28th day of May 2013 at Hartford, Connecticut.

                                    /s/
                              Alvin W. Thompson
                          United States District Judge