**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------------x
                                   :
ANDREW CHIEN,                      :
                                   :
              Plaintiff,           :
                                   :   Civil No. 3:12CV1378(AWT)
v.                                 :
                                   :
COMMONWEALTH BIOTECHNOLOGIES, INC.,:
RICHARD FREER AND LECLAIRRYAN,     :
A PROFESSIONAL CORPORATION,        :
                                   :
              Defendants.          :
                                   :
-----------------------------------x
```

<u>**RULING ON DEFENDANTS' MOTIONS TO DISMISS COMPLAINT**</u>

The <u>pro</u> <u>se</u> plaintiff, Andrew Chien ("Chien"), brought this action in Connecticut Superior Court against defendants Commonwealth Biotechnologies, Inc. ("CBI"), Dr. Richard J. Freer ("Freer") and LeClairRyan, A Professional Corporation ("LeClairRyan") for malicious prosecution, abuse of process, "bad faith and submitted falsified or perjury information," unjust enrichment, securities fraud, violations of fiduciary duties and "manipulation operation."  The defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b) based on diversity jurisdiction and filed two motions to dismiss. Defendant Freer has moved to dismiss the complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil

Procedure, and all defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6). For the reasons set forth below, the motions to dismiss are being granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action stems from a case decided in Chesterfield County Circuit Court in the Commonwealth of Virginia (the "Virginia Lawsuit"). In the Virginia Lawsuit, judgment was entered in favor of Freer against Chien for $1.6 million in damages arising from Chien's tortious conduct, including defamation and conspiracy. LeClairRyan, a law firm headquartered in Richmond, Virginia, represented Freer in the Virginia Lawsuit. In the course of the Virginia Lawsuit, Chien removed the case to the United States District Court for the Eastern District of Virginia, but the case was remanded.

On September 12, 2012, Chien filed a complaint in Connecticut Superior Court asserting seven claims: 1) malicious prosecution against Freer and LeClairRyan, 2) abuse of process against Freer and LeClairRyan, 3) "bad faith and submitted falsified or perjury information" against Freer and LeClairRyan, 4) unjust enrichment against Freer, 5) securities fraud and fiduciary duty violations against CBI, 6) fiduciary duty violation against CBI, and 7) "manipulation operation" against Freer.

2

On October 5, 2012, the defendants removed the case to this court pursuant to 28 U.S.C. § 1441(b). Chien is a resident and citizen of Connecticut; Freer is a resident and citizen of the Commonwealth of Virginia; and LeClairRyan is organized and incorporated under Virginia law and has its headquarters in Richmond, Virginia. Also, Freer filed a motion to dismiss the complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure but did not provide notice to the pro se plaintiff. All of the defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) and provided notice to the pro se plaintiff.

On October 16, 2012, the court dismissed the case without prejudice as to CBI because CBI "filed a Voluntary Chapter 11 Bankruptcy Petition, and therefore proceedings against [CBI] are subject to the automatic stay pursuant to § 362 of the Bankruptcy Code." Doc. No. 11.

On October 31, 2012, the plaintiff filed a motion for an extension of time to file his response to the motions to dismiss until 14 days after the court decided his motion to remand this case to state court. On November 23, 2012, the court denied the plaintiff's motion for an extension of time. On May 21, 2013, the court entered an order clarifying that its "intention in denying [the] motion for extension of time was that the

3

plaintiff was to file his response(s) to the motions to dismiss immediately" and that the Notice to Pro Se Litigant Opposing Motion to Dismiss filed by all of the defendants with their motion to dismiss "is applicable to both motions to dismiss." Doc. No. 28. The court instructed the plaintiff to file any response by June 11, 2013. See id. However, the plaintiff has not filed a response to either motion to dismiss.

On September 26, 2012, Freer filed a Certification Concerning Foreign Judgment (the "Certification") in Connecticut Superior Court. The Certification requested that Freer's judgment obtained in the Virginia Lawsuit against Chien be treated in the same manner as a Connecticut judgment.

On October 10, 2012, Chien filed a pleading in the Connecticut judgment domestication proceeding styled a "Response/Complaint" and attempted to assert counterclaims and third party claims against the defendants, but Freer has successfully domesticated the judgment from the Virginia Lawsuit in Connecticut.

## II. DISCUSSION

### A. Lack of Personal Jurisdiction over Defendant Freer

In ruling on a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, the court applies the same standard as with

4

respect to a motion to dismiss for improper venue pursuant to Rule 12(b)(3).  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a <u>prima facie</u> showing of [personal jurisdiction].  But if the court holds an evidentiary hearing...the plaintiff must demonstrate [personal jurisdiction] by a preponderance of the evidence."  <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 355 (2d Cir. 2005) (citing <u>CutCo Industries, Inc. v. Naughton</u>, 806 F.2d 361, 364-65 (2d Cir. 1986)).  "The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss."  <u>Whitaker v. American Telecasting, Inc.</u>, 261 F.3d 196, 208 (2d Cir. 2001).  "A plaintiff can make this showing through his 'own affidavits and supporting materials[,]'...containing 'an averment of facts that, if credited..., would suffice to establish jurisdiction over the defendant.'"  <u>Id.</u> (citations omitted).  "'[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]'"  <u>Id.</u> (citation omitted).

"In deciding a question of personal jurisdiction, district courts must conduct a two-part analysis, looking first to the state's long-arm statute and then analyzing whether jurisdiction comports with federal due process."  <u>Mario Valente Collezioni,</u>

Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F.3d 32, 37 (2d

Cir. 2001).  The Connecticut long-arm statute provides:

> As to a cause of action arising from any of the acts
> enumerated in this section, a court may exercise personal
> jurisdiction over any nonresident individual...who in
> person or through an agent: (1) Transacts any business
> within the state; (2) commits a tortious act within the
> state, except as to a cause of action for defamation of
> character arising from the act; (3) commits a tortious act
> outside the state causing injury to person or property
> within the state, except as to a cause of action for
> defamation of character arising from the act, if such
> person or agent (A) regularly does or solicits business, or
> engages in any other persistent course of conduct, or
> derives substantial revenue from goods used or consumed or
> services rendered, in the state, or (B) expects or should
> reasonably expect the act to have consequences in the state
> and derives substantial revenue from interstate or
> international commerce; (4) owns, uses or possesses any
> real property situated within the state; or (5) uses a
> computer, as defined in subdivision (1) of subsection (a)
> of section 53-451, or a computer network, as defined in
> subdivision (3) of subsection (a) of said section, located
> within the state.

Conn. Gen. Stat. § 52-59b.  For "general personal jurisdiction",

the plaintiff would need to show "'continuous and systematic'

contacts" with the forum state.  U.S. Titan, Inc. v. Guangzhou

Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 152 (2d Cir. 2001).

For "limited" or "specific" jurisdiction, however, "the required

minimum contacts exist where the defendant 'purposefully

availed' itself of the privilege of doing business in the forum

and could foresee being 'haled into court' there."  Id. at 152

(citation omitted).

The plaintiff fails to meet his burden of establishing that Connecticut has jurisdiction over Freer, a non-resident defendant. The complaint alleges: "Defendant Dr. Freer has [the] right to seize Chien's property in New Haven, CT based on an order of the Circuit Court of Chesterfield County VA; and Freer has numerous emails sent to Andrew Chien's e-mail address, and specifically he [Freer] took a trip on May 12, 2012 to a downtown café shop of New Haven for meeting Chien to discuss several issues which had closer relationship to this lawsuit. This trip was the only personal contacts between Chien and Frier outside the court rooms of VA." Compl. ¶ 17.

The plaintiff has not alleged facts that establish that Freer is subject to the Connecticut long-arm statute, nor has he alleged facts that show that Freer had sufficient minimum contacts with Connecticut or could have reasonably expected to be sued in Connecticut. Thus, the plaintiff has failed to make a prima facie showing that the court can exercise personal jurisdiction over defendant Freer.

### B. Failure to State a Claim

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774,

8

779 (2d Cir. 1984)).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996).  Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]."  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

> 1.  *First Claim for Relief:  Malicious Prosecution as to LeClairRyan*

LeClairRyan argues that the malicious prosecution claim should be dismissed because the plaintiff fails to state a claim

9

under either Connecticut or Virginia law.  The plaintiff brings
a malicious prosecution claim against LeClairRyan, the law firm
that represents Freer, because the "defamation lawsuit of
Freer's against Chien in Virginia lacks probable clause."
Compl. ¶ 79.  Chien alleges that the "evidence law requires the
claimed damage should have the evidence or witness from the
third parties" and that "[t]here is no[t] any third party to
approve the existence of the loss of salaries and compensations
for Freer due to Chien's service to CBI and Fornova."  Id. ¶ 80.

Under Connecticut law, lex loci delicti, "the doctrine that
the substantive rights and obligations arising out of a tort
controversy are determined by the law of the place of injury,"
typically applies.  O'Connor v. O'Connor, 201 Conn. 632, 637
(1986).  Connecticut courts, however, "have moved away from the
place of the injury rule for tort actions and adopted the most
significant relationship test found in §§ 6 and 145 of the
Restatement (Second) of Conflict of Laws."  Jaiguay v. Vasquez,
287 Conn. 323, 350 (2008).  The Supreme Court of Connecticut

> previously ha[s] summarized the most significant
> relationship test set forth in §§ 6 and 145 of the
> Restatement (Second) as follows. Subsection (1) of § 145 of
> the Restatement (Second) of Conflict of Laws provides that
> [t]he rights and liabilities of the parties with respect to
> an issue in tort are determined by the local law of the
> state which, with respect to that issue, has the most
> significant relationship to the occurrence and the parties
> under the principles stated in § 6...Subsection (2) of § 6

of the Restatement (Second) of Conflict of Laws, in turn,
provides: When there is no [statutory] directive, the
factors relevant to the choice of the applicable rule of
law include (a) the needs of the interstate and
international systems, (b) the relevant policies of the
forum, (c) the relevant policies of other interested states
and the relative interests of those states in the
determination of a particular issue, (d) the protection of
justified expectations, (e) the basic policies underlying
the particular field of law, (f) certainty, predictability
and uniformity of result, and (g) ease in the determination
and application of the law to be applied.

Id. at 351 (citation and internal quotation marks omitted). The

relevant considerations here militate strongly in favor of

applying Virginia law.

"Actions for malicious prosecution arising from criminal,

rather than civil, proceedings have been sustained in Virginia

but are not favored." Ayyildiz v. Kidd, 220 Va. 1080, 1082, 266

S.E.2d 108, 110 (1980). "The requirements for maintaining an

action for malicious prosecution arising from a criminal case

are more stringent than those applied to other tort actions."

Id. "The plaintiff must allege and prove that: (1) the

prosecution was set on foot by the defendant and was terminated

in a manner not unfavorable to the plaintiff; (2) it was

instituted or procured by the cooperation of the defendant; (3)

it was without probable cause; and (4) it was malicious." Id.

"Moreover, when the defendant acts in good faith upon the advice

of reputable counsel, after a full disclosure of all material

facts, he has probable cause to support his action.  Probable
cause serves as a complete defense to an action for malicious
prosecution even if the legal advice is wrong."  Id.

On the other hand, Virginia law applies the English rule
for malicious prosecution claims arising from civil proceedings,
which requires that "the plaintiff must allege and prove arrest
of her person, seizure of his property or special injury
incurred."  Id. at 1084, 266 S.E.2d at 111.

Because Chien brings a malicious prosecution claim based on
the defamation cause of action in the Virginia Lawsuit, the
court applies the English rule.  Chien does not allege that
LeClairRyan arrested Chien or seized his property, so "special
injury" must be alleged to state a claim as to this cause of
action.[1]

The "special injury" element requires allegation and proof
of a special loss or unusual hardship resulting from the
malicious prosecution of the original action, and "'(s)pecial
injury' in this procedural sense excludes the kind of secondary
consequences that are a common and often unavoidable burden on
defendants in 'all similar causes,'...."  Id. (internal citation
omitted).  "'Special injury' in this restricted sense focuses

[1] The court notes that the complaint does state that Freer has
the right to seize Chien's property in New Haven, but he has
that right as a result of the judgment in the Virginia Lawsuit.

upon the intention of the defendant in the prosecution of the original case rather than upon the special circumstances of the plaintiff."  Id., 266 S.E.2d at 112.  In Ailstock v. Moore Lime Co., the Supreme Court of Virginia stated "that if one maliciously makes use of the process of law, with an intention to vex and distress another, he does it at his peril."  104 Va. 565, 571, 52 S.E. 213, 215 (1905).

The plaintiff here has suffered no injury that would not ordinarily result from a judgment such as that entered in the Virginia Lawsuit.  Chien's allegations of damages include uncertain injury to his "credit, social and personal life, because these damages are in the develop stage for example the credit rating of Chien's will have big drop if Chien will make bankruptcy filing."  Compl. ¶ 106.  Because the complaint does not contain factual allegations that could establish the "special injury" element for malicious prosecution, Chien fails to state a claim upon which relief can be granted, and the first claim for relief against LeClairRyan is being dismissed.

> *2.    Second Claim for Relief: Abuse of Process as to LeClairRyan*

The plaintiff alleges that "LeClairRyan abused process of civil procedure" in connection with the Virginia Lawsuit.  Compl. ¶ 84.  Specifically, after it "filed lawsuit against

Chien and Guo[2] in Virginia in one case, they never did summon service to Bill Guo." Id. LeClairRyan argues that the complaint fails to state a claim for abuse of process under either Connecticut or Virginia law and that Chien cannot use this lawsuit to appeal the judgment in the Virginia Lawsuit.

Under Connecticut law, "[a]n action for abuse of process lies against any person using 'a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Mozzochi v. Beck, 204 Conn. 490, 494 (quoting Varga v. Pareles, 137 Conn. 663, 667 (1951)). "Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of 'a legal process...against another primarily to accomplish a purpose for which it is not designed....'" Id. (emphasis added in original). "Comment b to § 682 explains that the addition of 'primarily' is meant to exclude liability 'when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to

_____

[2] William Xia Guo ("Guo") was originally listed as a co-conspirator with Chien in the Virginia Lawsuit; however, Guo was never served with the summons and complaint and was terminated as a party.

the defendant.'" Id. (citation omitted).

Under Virginia law, "[t]o sustain a cause of action for abuse of process, a plaintiff must plead and prove: (1) the existence of an ulterior purpose; and (2) an act in the use of the process is not proper in the regular prosecution of the proceedings." Donohue Const. Co., Inc. v. Mount Vernon Assocs., 235 Va. 531, 539, 369 S.E.2d 857, 862 (citing Mullins v. Sanders, 189 Va. 624, 633, 54 S.E.2d 116, 121 (1949); Glidewell v. Murray-Lacy, 124 Va. 563, 570, 98 S.E. 665, 668 (1919)). As is also reflected in the language in Beck, "[t]he distinctive nature of malicious abuse of process lies in the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended." Id. (citing Glidewell, 124 Va. at 569, 98 S.E. at 667). "A legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not a malicious abuse of that process." Id. at 540, 369 S.E.2d at 862 (citing Glidewell, 124 Va. at 570, 98 S.E. at 668).

"[A] cause of action for malicious prosecution will lie for the malicious institution of a groundless civil proceeding." Ailstock, 104 Va. at 570-71, 52 S.E. at 215. "Malicious prosecution differs from abuse of process in that malicious prosecution lies for 'maliciously causing process to issue,'

15

<u>Glidewell</u>, 124 Va. at 570, 98 S.E. at 667-68, while abuse of process 'lies for the improper use of process after it has been issued,' <u>id</u>." <u>Donohue</u>, 235 Va. at 540, 369 S.E.2d at 862.

The plaintiff alleges that service of process was never made on Guo and that LeClairRyan "created an extra burden by adding an international issue to restrict Chien's constitution right of freely removing the defamation lawsuit to federal district court." Compl. ¶ 85.

The court construes the complaint to allege that "the deliberate misuse or perversion of regularly issued court civil process" was the "unfair civil procedure environment" that restricted Chien's ability to remove the Virginia Lawsuit from the Chesterfield Country Circuit Court to the United States District Court for the Eastern District of Virginia. Compl. ¶¶ 75, 84-85. However, the plaintiff fails to plead facts as to LeClairRyan's alleged ulterior purpose for such conduct. In addition, the plaintiff fails to allege facts that could establish that LeClairRyan committed "any act in the use of the process not proper in the regular prosecution of the proceeding." <u>Donohue</u>, 235 Va. at 539. LeClairRyan, as counsel on behalf of Freer, has the right and responsibility to exercise its discretion, within the rules of civil procedure, in determining in what jurisdiction and venue to commence a lawsuit

and which individuals to sue.  There are any number of
legitimate reasons why service of process may not be made upon a
defendant who is named in a complaint, and if service is not
made, it is the normal course for that defendant to be
terminated as a party.

Thus, the complaint fails to state a claim upon relief can
be granted, and the second claim for relief against LeClairRyan
is being dismissed.

> 3.  *Third Claim for Relief: "Bad faith and Submitted*
>     *Falsified or Perjury Information" as to*
>     *LeClairRyan*

LeClairRyan contends that this claim should be dismissed
because the plaintiff fails to allege any facts to support a bad
faith claim under either Connecticut or Virginia law.
LeClairRyan argues that Chien has used the term "bad faith" in a
manner synonymous with his claims for malicious prosecution and
abuse of process.  In addition, LeClairRyan argues that there is
no civil action for perjury.  The court agrees.

Chien claims that LeClairRyan acted in bad faith in
prosecuting the Virginia Lawsuit.  He alleges:

> 89. Defamation Lawsuit of Freer's was based on either one
> or all of the following falsified or perjury information:
>
> (i)   Guo engaged in Chien in March 2010;
> (ii)  CBI would provide "sufficient cash to pay its
>       creditors 100 cents on the dollar, an event
>       virtually unheard of in Chapter 11 bankruptcies";

> (iii) Chien is not an independent contractor, but a
>     conspirator of Guo.

90.   Defendants Dr. Freer & LeClair are fully responsible
for created the falsified or perjury information in their
defamation lawsuit from their bad faith.

Compl. ¶¶ 89-90.

Connecticut law requires that a plaintiff

> prove that the defendants engaged in conduct "design[ed] to
> mislead or to deceive...or a neglect or refusal to fulfill
> some duty or some contractual obligation not prompted by an
> honest mistake as to one's rights or duties....[B]ad faith
> is not simply bad judgment or negligence, but rather it
> implies the conscious doing of a wrong because of dishonest
> purpose or moral obliquity...it contemplates a state of
> mind affirmatively operating with furtive design or ill
> will."

Chapman v. Norfolk & Dedham Mut. Fire Ins. Co., 39 Conn.App.

306, 320 (1995) (quoting Buckman v. People Express, Inc., 205

Conn. 166, 171 (1987)).  Moreover, "'[b]ad faith' is an

indefinite term that contemplates a state of mind affirmatively

operating with some design or motive of interest or ill will."

Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn.App. 162, 169,

aff'd, 224 Conn. 240 (1992).

Under Virginia law, bad faith arises in the context of a

refusal to settle an insurance claim.  See Collins v. Auto-

Owners Ins. Co., 438 F. App'x 247, 249 (4th Cir. 2011) ("The

elements of a bad faith refusal to pay a claim action are (1)

the existence of a mutually binding contract between the

plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damages to the insured."). The plaintiff's allegations in the complaint are insufficient to state a bad faith claim.

Chien also alleges that LeClairRyan is "fully responsible for creating the falsified or perjury information in their defamation lawsuit." Compl. ¶ 90. Courts in Connecticut and Virginia have routinely held that there is no civil remedy or cause of action for perjury. See Allen v. City of Fredericksburg, No. 3:09-CV-63, 2011 WL 782039, at *7 (E.D. Va. Feb. 22, 2011) (holding that the plaintiffs did not adequately plead a claim for perjury because the statute cited "does not establish a private right of action against individuals accused of committing perjury"); Piorkowski v. Parziale, No. 3:02-CV-963, 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (stating that statute cited by the plaintiff—18 U.S.C. § 1621—is a criminal statute regarding perjury that does not establish a private right of action); Petyan v. Ellis, 200 Conn. 243, 251 (1986) ("There is, of course, no 'really effective civil remedy against perjurers.'"). Rather, perjury is a criminal offense

involving the willful act of swearing a false oath or of falsifying an affirmation to tell the truth.  See 18 U.S.C. § 1621; Conn. Gen. Stat. § 53a-156 (perjury as a Class D felony); Conn. Gen. Stat. § 53a-157b (perjury as Class A misdemeanor); Va. Code § 18.2-434 (perjury as Class 5 felony).

Therefore, the third claim for relief against LeClairRyan is being dismissed.

> 4. *Fifth and Sixth Claims for Relief: "Securities Fraud and Fiduciary Duty Violation Against CBI" and "Fiduciary Duty Violation Against CBI"*

Section 362 of the Bankruptcy Code automatically stays "the commencement or continuation...of a judicial...action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1)).  The purpose of the automatic stay is to provide "the debtor with a breathing spell from his creditors" and is "designed to give the debtor time to organize its affairs...." Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 64 (2d Cir. 1986) (quotation and citation omitted).  See generally SEC v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000) (discussing intent behind automatic stay).  "The reach of § 362(a) is, however, cabined by its own language, which affords automatic

stay protection '[e]xcept as provided in subsection (b).'"
United States v. Colasuonno, 697 F.3d 164, 172 (2d Cir. 2012)
(quoting 11 U.S.C. § 362(a)).

Here, none of the exceptions listed in subsection (b) of
§ 362 applies. Consequently, the court previously dismissed
this case as to CBI without prejudice to its pursuit as to CBI
in bankruptcy court and without prejudice to reopening it as to
CBI upon motion after the automatic stay is lifted.

## III. CONCLUSION

For the reasons set forth above, the defendants' motions to
dismiss (Doc. Nos. 6 and 7) are hereby GRANTED. This case is
dismissed as to all claims against all the defendants, and
judgment shall enter as to the claims against Freer and
LeClairRyan but not CBI.

The Clerk shall close this case.

It is so ordered.

Signed this 21st day of August 2013 at Hartford,
Connecticut.


_____/s/_____
Alvin W. Thompson
United States District Judge